[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11236

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEENAN HUNTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cr-00043-BJD-PDB-1

_____

Before JILL PRYOR, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Keenan Hunter appeals his 27-month sentence for escape from custody.  Hunter argues that the District Court's sentence was procedurally unreasonable because it was based on a clearly erroneous fact.  Hunter also contends that his sentence was substantively unreasonable because the District Court improperly weighed Hunter's mitigating factors.  Having found no error in the District Court's sentencing, we affirm.

## I.    Background

In May 2021, a grand jury charged Hunter with escape from custody under 18 U.S.C. §§ 751 and 4082.  Hunter had left a halfway house where he was serving a sentence for being a felon in possession of a firearm.  Hunter pleaded guilty to the escape charge and the District Court sentenced him to 27 months' imprisonment.  Hunter's presentence investigation report summarized the offense conduct.

In June 2017, Hunter was sentenced for being a felon in possession of a firearm.  And to complete that sentence, the Bureau of Prisons placed him in a halfway house.  At the halfway house, he signed documents stating that a failure to reside there could result in an escape charge.  But just a few months later, after halfway house staff asked Hunter for a urine sample, Hunter left and never returned.

State police later found and arrested Hunter on charges of fleeing or attempting to elude an officer, resisting an officer without violence, and leaving the scene of an accident involving attended property. He was also charged with possession with the intent to sell, manufacture, or deliver cannabis; possession of more than twenty grams of cannabis; and possession of controlled substance paraphernalia.

For the instant offense, the presentence investigation report assigned Hunter a criminal history score of VI and an offense level of eleven. The Guidelines suggested a sentence of 27 to 33 months. Before sentencing, Hunter objected to the PSI's inclusion of uncharged, dropped, dismissed, and acquitted counts. Specifically, he objected to paragraph 62, which related to his attempt to elude law enforcement in Jacksonville after he escaped from custody. But the probation office cited U.S.S.G. § 1B1.4, contending it allowed the court to consider "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."

In a sentencing memorandum, Hunter asked for 18 months' imprisonment followed by 3 years of supervised release. He argued that the § 3553(a) factors supported this sentence based on his rough upbringing and history of drug abuse. He stated that his family and friends describe him as "a kind, gentle, and family-oriented person" and that he helped raise his 10-year-old daughter. His daughter's mother described him as a great father. Multiple

family and friends also submitted letters describing him as a positive influence and a loving person.

At sentencing, the court found the letters "moving." Hunter maintained his objections to the PSI, while the Government supported the probation office's response. The court found that the objected-to facts in the PSI were properly before it but stated that any lack of unequivocal responsibility taken by Hunter would be considered. Consequently, the court overruled the objection and adopted the PSI's calculations.

The court then expressed frustration with Hunter's criminal history and repeated poor decision-making. It hoped that Hunter would "do better" but noted that he had given it little reason to believe him. The court then stated: "[Y]our decisions up in, you know, this Tallahassee incident, you know, you're on supervised release, maybe probation, and an escapee, and you're riding around with marijuana in your car. Just doesn't make sense." It also stated that it acknowledged the letters from Hunter's family and friends but it still had concern that Hunter had not adequately addressed his substance abuse issues.

The court continued that, despite Hunter's poor decisions, it was "somewhat confident" that this would be Hunter's last offense. It highlighted Hunter's previous ability to find legitimate work with help from his family and friends. The court expressed the need for deterrence but stated that the sentence was "not going to be as harsh" as it might otherwise have been because it believed Hunter was "at a juncture in [his] life" and would make a change.

Ultimately, the District Court sentenced Hunter to twenty-seven months' imprisonment—the lowest sentence under the Guidelines—followed by three years of supervised release. The court elaborated: "I think that's it, and I'll make sure it's the within the guidelines, it's the lowest that the [c]ourt could impose." The court explained that, in reaching its decision, it had considered the parties' statements, Hunter's family's testimony, the PSI, and 18 U.S.C. §§ 3551 and 3553. The court asked whether the parties had any objections, other than those previously stated, to the sentence or how it was pronounced. The parties did not.

After entry of the final judgment, Hunter timely appealed.

## II.    Discussion

Hunter challenges the reasonableness of his 27-month sentence. We typically review the procedural and substantive reasonableness of a sentence for an abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). But because Hunter failed to object at the time of sentencing, we must review for plain error. *See id.* Accordingly, to prevail, Hunter must show that (1) an error occurred, (2) the error was plain, and (3) the error affected his substantial rights. *See id.* If those conditions are met, we decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In reviewing the reasonableness of a sentence, we conduct a two-step inquiry, first ensuring that there was no significant procedural error, and then examining whether the sentence was substantively reasonable. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th

Cir. 2009).  The district court commits a significant procedural error if it calculates the guidelines incorrectly, ignores the § 3553(a) factors, bases the sentence on clearly erroneous facts, neglects to explain the sentence, or treats the guidelines as mandatory. *United States v. Hill*, 643 F.3d 807, 879 (11th Cir. 2011).  A factual finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation marks omitted).

Generally, the district court's explanation of its sentence must articulate enough to satisfy us that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).  So the brevity or length of a district court's reasons for imposing a particular sentence depends on the circumstances. *Id.* Further, "A sentencing court may consider any information . . . regardless of its admissibility at trial" if it has "sufficient indicia of reliability" and the defendant has "an opportunity to rebut the evidence." *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).

Hunter's sentence was procedurally reasonable because the court's explanation was adequate for meaningful appellate review, and it did not commit any guideline error.  Nor did the District Court err by considering Hunter's uncharged criminal conduct, as a sentencing court can rely on any reliable information in

considering a defendant's background and character.  The District Court also did not plainly err when it said, "[Y]our decisions up in, you know, this Tallahassee incident, you know, you're on supervised release, maybe probation, and an escapee, and you're riding around with marijuana in your car.  Just doesn't make sense."  Although it does not seem that Hunter was "riding around with marijuana in [his] car," the gist of the court's statement is the same—Hunter fled the scene of an accident, and police located a large quantity of marijuana in his backpack.  Thus, even if the court confused certain details, this error likely did not affect Hunter's substantial rights.  So Hunter cannot establish that the court plainly erred.

There is also not any indication that the court treated the Guidelines as mandatory when sentencing Hunter.  Hunter bases his argument on the court's statement, "I think that's it, and I'll make sure it's the—within the guidelines, it's the lowest that the [c]ourt could impose."  This statement does not indicate that the court believed it could not vary outside the Guidelines if it chose to do so.  Rather, it reflects the court's desire for the sentence to "not . . . be as harsh" as it might otherwise have been.  Thus, his sentence was procedurally reasonable.

As for whether Keenan's sentence is substantively reasonable, we consider the totality of the facts and circumstances.  *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in

§ 3553(a)(2).  This includes the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

"A district court can abuse its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Irey*, 612 F.3d at 1189.  That said, we will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1190 (quotation marks omitted).  A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The District Court did not abuse its discretion in finding that the § 3553(a) factors justify Hunter's within-guideline sentence. Hunter fails to show that his twenty-seven-month sentence is substantively unreasonable, considering the record and the § 3553(a) factors.  Further, the court's sentence was well below the statutory maximum of 5 years' imprisonment.  And, as noted above, the

23-11236                Opinion of the Court                9

court explicitly stated that it considered all the § 3553(a) factors in sentencing Hunter.  Thus, the District Court weighed the § 3553(a) factors and was well within its discretion to find that the factors, as a whole, warranted the 27-month sentence.

In sum, the District Court provided sufficient justifications to support Hunter's sentence.  Thus, Hunter's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**